**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPRAWLDEF and SIERRA CLUB, | No. 17-15093 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-02331-LB |
| v. | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,[**] District Judge.

SPRAWLDEF and the Sierra Club (collectively, SPRAWLDEF) appeal the

district court's order dismissing as moot SPRAWLDEF's challenge to the Federal

Emergency Management Agency's (FEMA) environmental impact statement

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

(EIS), prepared pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. § 4332(C). We have jurisdiction under 28 U.S.C. § 1291.

SPRAWLDEF's claim is moot because it challenged only the EIS's analysis of the "unified methodology" approach in subareas within the University of California, Berkeley (UCB) and the City of Oakland project areas, and FEMA has withdrawn its grants to UCB and Oakland.[1] Contrary to SPRAWLDEF's assertions, its "complaint, taken as a whole, is most naturally read" to challenge only the unified methodology, *United States v. Idaho*, 210 F.3d 1067, 1080 (9th Cir. 2000), not the EIS's analysis for the remaining grant to the East Bay Regional Park District (Parks).[2] While the complaint offers general "legal conclusions" that the EIS as a whole is inadequate, SPRAWLDEF's claims are "supported by factual allegations" based solely on the unified methodology. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Even if the complaint had initially raised a broader challenge to the rest of the EIS, SPRAWLDEF abandoned any claim against the EIS as a whole in its

---

[1] We grant East Bay Regional Park District's unopposed motion, filed July 28, 2017, to take judicial notice of litigation documents in a related case. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] SPRAWLDEF conceded at oral argument that it understood the vegetation-management approach for the Parks areas to be distinct from the unified methodology.

2

summary judgment briefing, where SPRAWLDEF confirmed that its complaint "applied *only* to the four critical [UCB] and Oakland subareas." *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

We also reject SPRAWLDEF's argument that there remains a live controversy regarding the EIS's analysis of the unified methodology areas. FEMA has not taken the final agency action of disbursing grant funds to UCB or Oakland, s*ee Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1104 (9th Cir. 2007), and FEMA represents that it must conduct additional NEPA review prior to issuing any future grants for the UCB or Oakland areas, which SPRAWLDEF could challenge in a new proceeding, *see Oregon Nat. Res. Council, Inc. v. Grossarth*, 979 F.2d 1377, 1380 (9th Cir. 1992).[3]

**AFFIRMED.**

---

[3] The district court did not abuse its discretion in denying SPRAWLDEF leave to amend or supplement its complaint on the grounds that doing so would cause undue delay and prejudice defendants. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Since we affirm the district court's dismissal of this action, we do not reach UCB's conditional claim that it should remain a party or be granted leave to intervene.